IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and <br> UNILOC LUXEMBOURG, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> HUAWEI DEVICE USA, INC. and <br> HUAWEI DEVICE CO. LTD., <br><br> Defendant. | § § § § § § § § § § § § § | Civil Action No. 2:18-cv-00073 <br><br><br> PATENT CASE <br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg, S.A. ("Uniloc Luxembourg") (together, "Uniloc"), for their complaint against defendants, Huawei Device USA, Inc. ("Huawei USA") and Huawei Device Co. Ltd. ("Huawei China") (together, "Huawei"), allege as follows:

## THE PARTIES

1.  Uniloc USA is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2.  Uniloc Luxembourg is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Huawei USA is a Texas corporation having a regular and established principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, Texas 75024. Huawei USA offers its products and/or services, including those accused herein of infringement, throughout the United States, including to customers and potential customers located in Texas and in the judicial Eastern District of Texas. Huawei USA may be served with process through its registered agent for service in Texas: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Huawei China is a Chinese corporation having a principal place of business in Bantian, Longgang District, Shenzhen, 518129 China. Huawei China does business in Texas and in the judicial Eastern District of Texas. Huawei China is in the business of, *inter alia*, manufacturing and selling electronic goods, including smartphones and smart watches sold in this judicial District.

## JURISDICTION

5. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, and 1338(a).

6. This Court has personal jurisdiction over Huawei due, *inter alia*, to Huawei's continuous presence in, and systematic contact with, this District and Huawei USA's incorporation in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 7,020,106)

7. Uniloc incorporates paragraphs 1-6 above by reference.

8. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,020,106 ("the '106 Patent"), entitled RADIO COMMUNICATION SYSTEM, which issued on March 28, 2006. A copy of the '106 Patent is attached as Exhibit A.

9. Uniloc USA is the exclusive licensee of the '106 Patent, with ownership of all substantial rights, including the right to grant sublicenses, to exclude others, and to enforce and recover past damages for infringement.

10. Huawei imports, offers for sale, and sells in the United States numerous electronic devices implementing Bluetooth Core Specification v. 3.0 and above, including: (1) smartphones, such as Huawei Ascend Y221, Huawei Ascend G526, Huawei Ascend D1 XL U9500E, Huawei Ascend D1, Huawei Ascend D quad, Huawei Ascend G600, Huawei Ascend G312, Huawei MateBook X, Huawei MateBook X Pro, Huawei MateBook E, Huawei MateBook D, Huawei MediaPad M3 Lite, Huawei MediaPad M3 lite 10.0, Huawei MediaPad T3, Huawei MediaPad T3 7, Huawei MediaPad T3 10, Huawei MateBook, Huawei MediaPad M3, Huawei MediaPad M2 10.0, MediaPad T1 8.0, Huawei MediaPad T1 10.0, Huawei MediaPad T1 7.0, PORSCHE DESIGN Huawei Mate 10, Huawei Mate 10 Pro, Huawei Elate, Huawei Ascend XT2, Honor 7X, Huawei Mate 9, Honor 6X, Honor5X, Honor8, Huawei GX8, Huawei P8lite, SENSA LTE, Huawei Ascend XT, Ascend Mate 2, Huawei SnapTo, Nexus 6P, Huawei Band 2 Pro, Huawei WATCH 2, Huawei FIT, Huawei WATCH, Huawei WATCH FOR Ladies (Mercury-G101&G201, 02), TalkBand B2, TalkBand B1, HONOR Band Z1, Huawei Y360, Huawei Ascend Y540, Huawei Ascend Y520, Huawei Ascend Mate7 Monarch, Huawei Honor Holly, Huawei Honor 4 Play, Huawei Ascend Y550, Huawei Ascend P7 Sapphire Edition, Huawei Honor 3X Pro, Huawei Honor 3C 4G, Huawei Ascend G535, Huawei Y300II, Huawei Ascend Y330, Huawei Y625, Huawei Honor 4C, Huawei Y635, Huawei Ascend GX1, Huawei Honor 4X, Huawei Ascend G7, Huawei Honor 3C Play, Huawei Honor 6C Pro, Huawei Honor 5A, Huawei Honor Holly 2 Plus, Huawei nova 2s (collectively, the "Accused Infringing Devices").

11. A plurality of Accused Infringing Devices comprised of at least a first device and a second device wherein the first devices uses a transceiver to transmit information to the second device at a Basic Rate/Enhanced Data Rate (BR/EDR) in accordance with the Bluetooth 3.0 + HS or higher specification and the slave device transmits information to the master device.

12. In the Accused Infringing Devices, the BR/EDR radio is used to perform discovery, association, connection establishment and connection maintenance.

13. The Accused Infringing Products can also communicate with each other via an Alternate MAC/PHY (AMP) physical link and using Wi-Fi (such as IEEE 802.11).

14. Once a connection has been established between a pair of Accused Infringing Devices using BR/EDR, the first device can discover whether the second device has a common AMP and cause transmission of data traffic to be moved from BR/EDR to AMP controller(s).

15. Huawei has infringed, and continues to infringe, claims of the '106 Patent in the United States, including at least claims 15-17, by offering for sale, selling and/or importing the Accused Infringing Devices in violation of 35 U.S.C. § 271(a).

16. Huawei has also infringed, and continues to infringe, at least claims 15-17 of the '106 Patent by actively inducing others to use, offer for sale, and sell the Accused Infringing Devices. Huawei's customers who use those devices in accordance with Huawei's instructions infringe at least claims 15-17 of the '106 Patent, in violation of 35 U.S.C. § 271(a). Huawei intentionally directly and/or indirectly instructs its customers to infringe through training videos, demonstrations, brochures, installation and user guides, such as those located at one or more of the following:

- www.huawei.com
- https://consumer.huawei.com/us/support/phones/mate10-pro/

- https://consumer.huawei.com/en/support/phones/mate10/

Huawei is thereby liable for infringement of the '106 Patent under 35 U.S.C. § 271(b).

17. Huawei has also infringed, and continues to infringe, at least claims 15-17 of the '106 patent by offering to commercially distribute, commercially distributing, or importing the Accused Infringing Devices which devices are used in practicing the processes, or using the systems, of the '106 patent, and constitute a material part of the invention. Huawei knows portions of the software contained in the Accused Infringing Devices to be especially made or especially adapted for use in infringement of the '106 patent, not a staple article or commodity of commerce suitable for substantial noninfringing use. Huawei is thereby liable for infringement of the '106 Patent under 35 U.S.C. § 271(c).

18. Huawei will have been on notice of the '106 Patent since, at the latest, the service of this complaint upon it. By the time of trial, Huawei will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of at least claims 15-17 of the '106 Patent.

19. Huawei may have infringed the '106 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused Infringing Products.

20. Uniloc has been damaged by Huawei's infringement of the '106 Patent.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Huawei:

(A) declaring that Huawei has infringed the '106 Patent;

(B) awarding Uniloc its damages suffered as a result of Huawei's infringement of the '106 Patent;

(C) awarding Uniloc its costs, attorneys' fees, expenses, and interest, and

(D) granting Uniloc such further relief as the Court finds appropriate.

## DEMAND FOR JURY TRIAL

Uniloc demands trial by jury, under Fed. R. Civ. P. 38.

Date: March 13, 2018.                    Respectfully submitted,

*/s/ Edward R. Nelson III*
James J. Foster
Massachusetts State Bar No. 553285
Kevin Gannon
Massachusetts State Bar No. 640931
Aaron Jacobs
Massachusetts State Bar No. 677545
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: jfoster@princelobel.com
Email: kgannon@princelobel.com
Email: ajacobs@princelobel.com

Edward R. Nelson III
ed@nbafirm.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nbafirm.com
Texas State Bar No. 24061270
**NELSON BUMGARDNER ALBRITTON P.C.**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**